IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBIN SUMMERS-GRACE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-2122 |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |
| | *** | |

**MEMORANDUM**

Robin Summers-Grace filed correspondence docketed as a Complaint for Return of Property. ECF 1. The Complaint is rooted in a criminal case in which Summers-Grace was a defendant. *See United States v. Summers-Grace*, ELH-16-0594 ("Criminal Case"). The government responded. ECF 8. It stated that the requested property—furniture, lamps, handbag, and a wallet—were not in the government's possession or subject to the forfeiture order entered in the Criminal Case. *See* Criminal Case, ECF 57.

On October 19, 2020, I issued an Order granting Summers-Grace twenty-eight days to reply to the government's response. ECF 10. The Order was returned to the Clerk of Court by the United States Postal Service on November 3, 2020, with the envelope stamped "Return to Sender" and "Unable to Forward." *Id.* It also had a handwritten notation that reads "Home." *Id.*

In fact, by Memorandum Opinion and Order of November 4, 2020, I had granted Summer-Grace's Motion for Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A), reducing her sentence to time served plus fourteen days, and ordering her released on supervision. *See* Criminal Case, ECF 132, ECF 133. This explained why she did not receive my Order of October 19, 2020. Accordingly, on December 7, 2020, I extended until December 28, 2020, the time for Summers-Grace to reply to the government's opposition. ECF 12.

On December 22, 2020, Summers-Grace filed correspondence in which she states that "the property listed was purchased in 2014 and 2015." ECF 13. Further, she claims that she "got the property from Aaron's Rental and the handbag and wallet for [her] birthday."[1] According to Summers-Grace, this property was taken from her home, had nothing to do with her Criminal Case, and she is paying the restitution imposed in her Criminal Case. *Id.*

As noted, the government has stated that none of the property sought by Summers-Grace was subject to forfeiture in the Criminal Case. ECF 8. Indeed, The Asset Tracking System printout provided by the government does not list furniture, lamps, a handbag, or a wallet as property that was seized in the Criminal Case. ECF 8-1. A case agent with the United States Secret Service ("USSS"), the federal seizing agency in Summer-Grace's Criminal Case, has indicated that none of the requested property was seized or turned over to the USSS. Rather, the requested property was seized and taken into custody by the Baltimore County Police Department ("BCPD"). ECF 8 at 3.

A BCPD detective who worked on the Criminal Case informed government counsel that the furniture seized by BCPD from Summers-Grace's apartment had been obtained fraudulently from the Gardiner Wolf Furniture store and was returned to the store the same day it was seized. To determine if the furniture requested by Summers-Grace matches the furniture seized by the BCPD, property seizure and disposition records have been requested from the BCPD. However, due to the age of the records, it will take time to obtain. Government counsel has represented that she has seen no records or reviewed any information confirming that the handbag or wallet were ever seized by or turned over to the custody of any federal agency. ECF 8, n. 1. But, counsel is attempting to confirm whether the requested handbag and wallet were seized and/or disposed of by the BCPD or any other local law enforcement partners.

---

[1] Aaron's is a business that offers furniture and other household items on a rent to own basis. *See* https://www.aarons.com (viewed December 23, 2020).

2

**Discussion**

Rule 41(g) of the Federal Rules of Criminal Procedure states, in pertinent part: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion." Notably, Rule 41(g) provides no relief if the property is not in the federal government's possession. *See United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) (holding that where the United States was never in possession of the property, the United States was not the proper party against which to bring suit); *United States v. White*, 718 F.2d 260, 261- 62 (8th Cir. 1983) (holding that where the United States did not possess the property requested, a Rule 41(g) motion was properly denied); *Watkins v. United States,* 2014 WL 3661219, at *3 (D. Md. July 21, 2014) (denying Rule 41(g) motion for return of property seized by local police and not included in defendant's federal forfeiture order).

The government posits that because the furniture, handbag, and wallet are not now and never were in its actual or constructive possession, relief cannot be had under Rule 41(g).  And, this Court lacks jurisdiction to grant monetary damages in the context of a proceeding for the return of property. *See United States v. Jones*, 225 F.3d 468, 469-70 (4th Cir. 2000).

**Conclusion**

It appears that the federal government has never been in possession of the property requested here.  Accordingly, within twenty-eight days of the date of the attached Order, the government shall provide a declaration or other verified exhibit in support of its position, as well as contact information for the BCPD, so that Summers-Grace can pursue her request with the appropriate law enforcement office.

An Order follows.

Date: December 28, 2020                              /s/
                                        Ellen L. Hollander
                                        United States District Judge